**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

THE NEUBERGER FIRM, P.A.,

Plaintiff,

v.

PURTELL & PARTNERS, LLC (d/b/a McELDREW PURTELL), and MARK V. MAGUIRE,

Defendants.

Civil Action No. 26-30-GBW

---

## MEMORANDUM ORDER

Pending before the Court is Defendants Purtell & Partners, LLC (d/b/a McEldrew Purtell) ("Purtell & Partners" or "McEldrew Purtell") and Mark V. Maguire's ("Mr. Maguire") (together, "Defendants") Amended Motion to Dismiss (D.I. 10) ("Defendants' Motion"), which has been fully briefed (D.I. 10; D.I. 11). For the following reasons, the Court denies Defendants' Motion.

## I. BACKGROUND

The following are factual allegations from Plaintiff's Complaint (D.I. 1-1) that the Court accepts as true for the purpose of resolving Defendants' Motion.[1]

Plaintiff The Neuberger Firm, P.A. (the "Neuberger Firm") is a law firm with experience in use of force litigation throughout the State of Delaware. D.I. 1-1 ¶ 10. The Neuberger Firm worked on "the tragic case of the death of Brandon Roberts just days after Mr. Roberts was shot and killed by the City of Milford police officers on January 5, 2020" (the "Wrongful Death Case").

---

[1] Under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all factual allegations in Plaintiff's Complaint and view those facts in the light most favorable to Plaintiff. *See Fed. Trade Comm'n v. AbbVie Inc.*, 976 F.3d 327, 351 (3d Cir. 2020).

*Id.* ¶ 1. On January 15, 2020, Mr. Roberts's fiancée Erica Jones ("Ms. Jones") signed a Personal Injury Contract for Legal Services ("Fee Agreement") with the Neuberger Firm "as the sole surviving parent and guardian litem" of her and Mr. Roberts's two children. *Id.* ¶ 18. On January 20, 2020, members of the Roberts family (including Ms. Jones and Mr. Roberts's mother Darlene White ("Ms. White")) each signed additional Fee Agreements with the Neuberger Firm. *Id.* ¶ 23. The Fee Agreements provide that "all out-of-pocket expenses or costs advanced by [the client's] attorney in investigating or litigating this claim shall be deducted from [the client's] share of any proceeds of any recovery." *Id.* ¶ 24. The Fee Agreements further state that "if the attorney-client relationship should end for any reason, [] the attorneys will have a valid lien on any recovery, however obtained, to recover cost[s] and expenses expended by them and also for the value of their legal services." *Id.* ¶ 25. The Fee Agreements also detail a structured payment as a contingent legal fee of "thirty-six percent (36%) of all settlement funds recovered." *Id.* ¶ 26.

The Neuberger Firm performed work on the Wrongful Death Case for the Roberts family between January 20, 2020 and mid-June 2020. *Id.* ¶¶ 27-71. Ms. White then fired the Neuberger Firm, upon which the Neuberger Firm provided Ms. White with a detailed accounting of the firm's time spent on legal work totaling $147,842. *Id.* ¶ 70. Ms. Jones then hired McEldrew Purtell for legal representation in the Wrongful Death Case. *Id.* ¶ 73. In July 2020, the Neuberger Firm advised McEldrew Purtell of their lien on the recovery, "which was noted to be approximately $150,000 for attorney time, as well as for outstanding costs and expenses." *Id.* ¶ 74. Ultimately, the Wrongful Death Case settled for $775,000, with about $170,000 of that amount paid to McEldrew Purtell. *Id.* ¶ 81. Ultimately, the Neuberger Firm was not paid at all for its work in the Wrongful Death Case. *Id.* ¶ 90.

On December 5, 2025, Plaintiff filed a complaint in Delaware Superior Court alleging unjust enrichment of Defendants in relation to the Wrongful Death Case. The action was removed to this Court based on diversity of citizenship. *See* D.I. 1.

## II. LEGAL STANDARD

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). But the Court will "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Princeton Univ.*, 30 F.4th at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)).

In evaluating a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Rule 12(b)(6) requires the Court to "accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff." *Brady v. Static Media*, Civ. No. 23-1078-GBW, 2024 WL 4103719, at *2 (D. Del. Sep. 6, 2024). "A motion to dismiss 'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Burlington Coat*

*Factory*, 114 F.3d at 1420). The "movant bears the burden of demonstrating that the complainant failed to state a claim upon which relief may be granted." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, C.A. No. 23-239 (KAJ), 2024 WL 2804703, at *1 (D. Del. May 31, 2024).

## III. DISCUSSION

### A. Plaintiff Has Plausibly Alleged Unjust Enrichment Against McEldrew Purtell

To state a viable unjust enrichment claim under Delaware law, a plaintiff must meet the following elements: "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification" and, if brought in the Delaware Court of Chancery, "(5) the absence of a remedy provided by law." *Trevino v. Merscorp, Inc.*, 583 F. Supp. 2d 521, 533 (D. Del. 2008) (quoting *Jackson Nat. Life Ins. Co. v. Kennedy*, 741 A.2d 377, 393 (Del. Ch. 1999); *see State ex rel. Jennings v. Monsanto Co.*, 299 A.3d 372, 391 (Del. 2023) (explaining that "[t]he absence of an adequate remedy at law is required only if an unjust enrichment claim is brought in the Court of Chancery and there is no other independent basis for equitable jurisdiction").

In this action, Defendants contend[2] that Plaintiff fails to meet the aforementioned requirements of (1) an enrichment, (2) an impoverishment, and (3) the absence of justification for its unjust enrichment claim against McEldrew Purtell. D.I. 10 at 8-9. Specifically, Defendants assert that "Plaintiff failed to perform any work which brought about the settlement," and that the

---

[2] Defendants also separately argue that Plaintiff has no right to a charging lien. D.I. 10 at 7-8. However, Plaintiff has not brought a claim to recover a charging lien. Given that the funds have already disbursed, Plaintiff correctly brought an action for unjust enrichment. *See Ramunno & Ramunno, P.A. v. Potter*, No. C.A. No. N14C-12-77 WLW, 2016 WL 2844441, at *3 (Del. Super. Ct. May 10, 2016) ("In the event that the funds have been disbursed, an action for unjust enrichment may be available."). Thus, Defendants' arguments regarding a charging lien are inapplicable.

funds that McEldrew Purtell received "are in no way related to the early media campaign and non-legal work performed by" Plaintiff. *Id.* Defendants further claim that "Plaintiff's choice to walk away from the case is justification for McEldrew Purtell's retention of all legal fees." *Id.* at 9. Plaintiff responds that (1) Defendants' Motion relies on factual allegations outside of the complaint, and (2) the Complaint contains detailed, specific allegations to establish the elements of unjust enrichment.

The Court agrees with Plaintiff that it has plausibly alleged the elements of unjust enrichment. Plaintiff has alleged that its work directly contributed to the Wrongful Death Case, which ultimately led to a settlement. For example, Plaintiff has made several allegations that it performed legal work for Ms. White and Ms. Roberts following the tragic death of Mr. Roberts, including, *inter alia*, "requesting a copy of the hallway surveillance videos where the shooting occurred," D.I. 1-1 ¶ 27, "sen[ding] a notice of representation and demand for The City of Milford and Milford Police Chief to notify their insurance carrier of the Roberts Family's claim," *id.* ¶ 36, and sending a demand letter "on behalf of the Estate of Brandon Roberts as well as his children to the City Manager and Police Chief for the City of Milford," *id.* ¶ 50. Plaintiff alleges that the total cost for its legal services amounted to $169,214.76. *Id.* ¶ 90. Plaintiff also advised Defendants of their lien on the recovery in July 2020. *Id.* ¶ 74.

Viewing the FAC in the light most favorable to Plaintiff, the Court finds Plaintiff's allegations sufficient to demonstrate that (1) Plaintiff suffered an impoverishment because it was never paid for the legal services rendered, (2) McEldrew Purtell was enriched by receiving all legal fees associated with the Wrongful Death Case settlement, and (3) the funds McEldrew Purtell received pursuant to the settlement were related, at least in part, to Plaintiff's early work on the case. Furthermore, the Court is unpersuaded by Defendants' bare assertion that Plaintiff's decision

to walk away from the case amounts to "justification for McEldrew Purtell's retention of all legal fees." D.I. 10 at 9. Defendants have cited no case suggesting that Plaintiff should lose all entitlement to payment for its legal services simply because McEldrew Purtell was also entitled to legal fees for the same case. Moreover, Plaintiff made clear in its Fee Agreements, cited throughout the Complaint, of its entitlement to recovery for costs and expenses and for the value of their legal services should the attorney-client relationship be terminated. D.I. 1-1 ¶ 25. At the very least, the parties' disagreement on the extent of Plaintiff's entitlement to fees creates a factual dispute that cannot be resolved on a motion to dismiss.

Thus, for all these reasons, the Court finds that Plaintiff has plausibly alleged the elements of an unjust enrichment claim against McEldrew Purtell.

### B. Plaintiff Has Plausibly Alleged Unjust Enrichment Against Mr. Maguire

Defendants also contend that Plaintiff fails to meet the requirements for an unjust enrichment claim against Mr. Maguire for the same reasons as against McEldrew Purtell, as well as because Plaintiff has failed to plead "any facts evincing an enrichment that flowed to Mr. Maguire." D.I. 10 at 9. The Court disagrees with Defendants. Plaintiff alleges that, after terminating its relationship with the Neuberger Firm, Ms. White and Ms. Jones "retained Mark V. Maguire" of McEldrew Purtell. D.I. 1-1 ¶ 2. Plaintiff also alleges that "McEldrew Purtell, *including Mark V. Maguire* of McEldrew Purtell, practiced law in Delaware in the matter of the Wrongful Death Case." *Id.* ¶ 9 (emphasis added). Lastly, Plaintiff alleges that Mr. Maguire previously said "that he would take care of the Neuberger Firm's lien." *Id.* ¶ 83.

At this time, the Court lacks information regarding McEldrew Purtell's internal compensation structure and, thus, cannot conclude whether Mr. Maguire received direct payment for his work on the Wrongful Death Case. Nevertheless, taking Plaintiff's allegations about Mr.

Maguire to be true, the Court can reasonably infer for purposes of the present motion that Mr. Maguire personally received direct payment for his work on the Wrongful Death Case.

Thus, the Court finds that Plaintiff has plausibly alleged the elements of an unjust enrichment claim against Mr. Maguire.

## IV. CONCLUSION

For all the reasons set forth above, the Court DENIES Defendants' Motion.

* * *

**WHEREFORE**, this 4th day of November 2026, **IT IS HEREBY ORDERED** that Defendants Purtell & Partners, LLC (d/b/a McEldrew Purtell) ("Purtell & Partners" or "McEldrew Purtell") and Mark V. Maguire's ("Mr. Maguire") (together, "Defendants") Amended Motion to Dismiss (D.I. 10) is **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE